## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA**

**Criminal No.: 12 -CR-228 (DNH)**

**Violation: 33 U.S.C. §§ 1311
and 1319(c)(1)
Clean Water Act**

**v.**

**RICCELLI FULTON, LLC,**

**Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America and **RICCELLI FULTON, LLC** ("**RICCELLI**"), a corporation organized and existing under the laws of the State of New York, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

1.   **RIGHTS OF RICCELLI** .  RICCELLI  understands its rights:

    (a)    to be represented by an attorney;

    (b)    to be charged by Indictment;

    (c)    to plead not guilty to any criminal charge brought against it;

    (d)    to have a trial by jury, throughout which it would be presumed to be not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

    (e)    to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

    (f)    to appeal its conviction if it is found guilty at trial; and

1

(g)     to appeal the imposition of sentence against it.

2.     **AGREEMENT TO PLEAD GUILTY AND WAIVE RIGHTS.** RICCELLI waives the rights set out in Paragraph 1(b)-(f) above.  RICCELLI also waives its right to appeal the imposition of sentence against it, so long as the sentence imposed is consistent with the recommendation in Paragraph 9 of this Plea Agreement.  Pursuant to Fed. R. Crim. P. 7(b), RICCELLI  will plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Northern District of New York.  The Information will charge RICCELLI  with the negligent violation of the Clean Water Act in violation of 33 U.S.C. §§ 1311 and 1319(c)(1).

3.     Pursuant to the terms of this Plea Agreement, RICCELLI  will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5 below.

4.     **ELEMENTS OF THE OFFENSE**.  RICCELLI, through its authorized representative, acknowledges that it is aware of the elements of the offense to which it is entering a guilty plea.  Specifically, if this case were to proceed to trial, the United States would have the burden of proving beyond a reasonable doubt each of the elements of a negligent violation the Clean Water Act.  The legal elements of are as follows:

a.     (1) The defendant negligently discharged a pollutant (2) from a point source (3) into a navigable water of the United States (4) without a Clean Water Act permit.

5.     **FACTUAL BASIS FOR OFFENSE CHARGED**.  RICCELLI  admits the following facts, which establish its guilt beyond a reasonable doubt for the offense stated in the Information:

(a)     At all times relevant to this plea agreement and the Information related thereto, RICCELLI was in the business of, among other things, the storage of rock salt (sodium chloride) at its facility located at 1902 County Route 57, Town of Volney, NY. At all times

2

relevant to this plea agreement and the Information related thereto, RICCELLI acted through its owners, supervisors, employees, and agents.

(b) From on or about November 2009 until May 2010, RICCELLI stored many dozens of truck loads of rock salt on its premises for transfer to, and use by, snow-plow trucks on roads within New York State during the winter months. RICCELLI's storage area was required to contain, but did not contain, a leak tight barrier to prevent salt from washing out of the containment area during periods of rain and snow run-off. As a result, on a regular basis, RICCELLI negligently allowed salt to wash out of this contained area through gaps in the barrier and discharged into an adjoining navigable water of the United States. These discharges continued to occur after RICCELLI was notified by the New York State Department of Environmental Conservation (DEC) that immediate steps were necessary to end the discharge. At no time did RICCELLI have a permit issued pursuant to the Clean Water Act authorizing such discharges.

6.   **POSSIBLE MAXIMUM SENTENCE**. RICCELLI understands that the maximum penalty that may be imposed against it upon conviction for a negligent violation of the Clean Water Act is:

(a)   $200,000 (18 U.S.C. § 3571(c)(5)); or

(b)   twice the gross pecuniary gain the company derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)   twice the gross pecuniary loss caused to the victims of the crime by the company (18 U.S.C. § 3571(c) and (d)).

7.   In addition, RICCELLI understands that:

(a)   pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii), the Court is required to order RICCELLI to pay a special assessment of $125 upon conviction for the charged crime; and

(c)   pursuant to 18 U.S.C. § 3561(c)(2), the Court may impose a term of

3

probation of not more than five years.

8.   **SENTENCING GUIDELINES**. Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the advisory United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a).  Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight which provides guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to U.S.S.G. §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines are not applicable for purposes of determining a corporate fine.  Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

9.   **FIXED SENTENCING AGREEMENT**. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), subject to the District Court's acceptance, the United States and RICCELLI agree that the appropriate disposition is a fine of $250,000 but that from this total,$240,000 shall be suspended on the condition that this sum has been or will be expended directly to remediate contamination to land and/or water as a result of RICCELLI's salt discharges.

(a)   RICCELLI will be placed on a term of probation for two years.

(b)   RICCELLI understands that the Court will order it to pay a $125 special assessment, pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii), in addition to any fine imposed.

(c)   Environmental Compliance Plan.  As a condition of probation, RICCELLI will develop, fund, and implement a comprehensive Environmental Compliance Plan ("ECP") to prevent future violations, consistent with sentencing policies set forth in U.S.S.G. § 8D1.4(b). The ECP must be developed and submitted to the United States and the Probation Office for approval within one month of the entry of the plea. RICCELLI shall revise and implement the ECP as deemed necessary by the United States or the Probation Office. A failure to fully fund and to fully implement the ECP immediately following its approval by the United States and Probation will constitute a violation of probation and will

4

constitute a material breach of this plea agreement. The Plan may not be funded and implemented out of the fine, including that portion of the fine that was suspended.

(d)  Sentencing. The parties agree that pursuant to Fed. R. Crim. P. 32(c)(1)(A) (ii) they will place information in the record enabling the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the Probation Department conducting a Pre-sentence Investigation, and further agree to jointly recommend that the Court waive the preparation of the Presentence Report (PSR) in this matter. The parties will advise the Court at the time of the plea whether they request an adjournment prior to imposition of sentence. The Court's denial of the request, if made, to impose sentence on an expedited schedule, or to direct the preparation of a PSR will not void this Plea Agreement.

(e)  RICCELLI shall not seek nor take a tax deduction for any of the un-suspended fine paid under this plea agreement.

10. **APPLICATION OF THE AGREEMENT**. This Agreement shall bind RICCELLI and its successors and assigns. RICCELLI , or its successors-in-interest, if applicable, shall provide to the United States Attorney's Office and the United States Probation Office immediate notice of any name change, corporate reorganization, sale or purchase of substantial assets, or similar action affecting this Agreement. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter RICCELLI 's responsibilities under this Agreement. RICCELLI shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

11.  The United States and RICCELLI understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a)  If the Court does not accept the recommended sentence (except for the expedited imposition of sentence without a PSR), the United States and RICCELLI agree

5

that this Plea Agreement, except for Paragraph 11(b) below, shall be rendered void.

(b)   If the Court does not accept the Rule 11(c)(1)(C) sentence (except for the expedited imposition of sentence without a PSR), RICCELLI will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If RICCELLI withdraws its plea of guilty, this Plea Agreement and the guilty plea shall not be admissible against RICCELLI in any criminal proceeding except as otherwise provided in Fed. R. Crim. P. 11(f). RICCELLI agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense to which it can be charged will be tolled for the period between the date of the signing of the Plea Agreement and the date RICCELLI withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

12.   **GOVERNMENT'S AGREEMENT**. Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against RICCELLI or its employees, officers, directors or affilates for any act or offense committed before the date of this Plea Agreement, known to the United States, that was undertaken in furtherance of the Clean Water Act violation described in the Information and plea agreement.  The nonprosecution terms of this paragraph do not apply to civil or administrative matters of any kind by the United States or State of New York, to any violation of the federal tax laws, or to any crime of violence.

13.   RICCELLI understands that it may be subject to civil or administrative action by federal or state agencies, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.  However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of RICCELLI as a matter for that agency to consider before determining what administrative action, if any, to take.

14. **REPRESENTATION BY COUNSEL**. RICCELLI has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. RICCELLI has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charges, any possible defenses to the charges, and the nature and range of possible sentences.

15. **VOLUNTARY PLEA**. RICCELLI's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to RICCELLI as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

16. **VIOLATION OF PLEA AGREEMENT**. RICCELLI, through its authorized representatives, recognizes that the government has agreed not to prosecute all of the criminal conduct established by the evidence as committed by RICCELLI solely because of the promises made by RICCELLI in this Agreement. If RICCELLI breaches this Agreement, or if RICCELLI is permitted to withdraw its guilty plea, the United States retains the right to present to the Grand Jury for Indictment all of the criminal violations established by the evidence. If the actions of RICCELLI or any of its agents and/or employees breaches this Agreement, RICCELLI will not be able to withdraw its guilty plea, and the United States will be relieved of all of its obligations under this Agreement. If, as a result of a breach of the Agreement, the United States elects to pursue any charge that was not filed as a result of this Agreement, RICCELLI expressly waives all defenses based upon the statute of limitations and pre-indictment delay, except to the extent that such defenses existed as of the date of the signing of this Agreement and subject to paragraph 19 below.

17. RICCELLI understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea

Agreement, because of RICCELLI's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or current or former directors, officers, or employees of it to attorneys or agents of the United States, DEC investigators or other personnel, or through them, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, RICCELLI unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

18. **CORPORATE AUTHORIZATION.** RICCELLI states that it is authorized to enter into this Agreement. At the time of signing by RICCELLI's representatives, RICCELLI shall provide the United States with a written statement in the form of a corporate resolution certifying that RICCELLI is authorized to enter into and comply with all of the terms of this Agreement. The corporate resolution shall certify that RICCELLI's Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed. RICCELLI agrees that the plea of guilty will be entered by RICCELLI through its attorney, and that he is authorized to enter pleas of guilty on RICCELLI's behalf. By entering these guilty pleas, RICCELLI hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offense as set forth in the Information, and that the Factual Statement set forth in this Agreement is a true and accurate statement of RICCELLI's criminal conduct and that it provides a sufficient basis for RICCELLI's pleas of guilty to the offenses charged in the Information.

19. **WAIVER OF APPEAL.** RICCELLI, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give RICCELLI the right to appeal other aspects of the conviction. In consideration of the Agreement with the United States as set forth herein, RICCELLI knowingly and voluntarily agrees to waive the following rights:

    a.    The right, conferred by 18 U.S.C. § 3742, to appeal the sentence

imposed by the Court for the conviction of these offenses;

   b. The right to appeal any aspect of RICCELLI 's conviction, including any pre-charge or pre-trial dispositions of motions, if any, or other issues; and

   c. The right to bring any collateral attack against RICCELLI 's conviction or sentence, except as it may relate to the effectiveness of legal representation.

  20. **ENTIRETY OF AGREEMENT.** This Plea Agreement constitutes the entire agreement between the United States and RICCELLI  concerning the disposition of the criminal charge in this case.  This Plea Agreement cannot be modified except in writing, signed by the United States and RICCELLI .

RICCELLI FULTON, LLC

By: _____
 Gary T. Kelder
 Attorney for RICCELLI
 Bar Role No. 601536

RICHARD S. HARTUNIAN
UNITED STATES ATTORNEY

By: _____
 Craig A. Benedict
 Assistant U.S. Attorney
 Bar Role No. 101130